**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIDWEST MOTOR SUPPLY CO. D/B/A KIMBALL MIDWEST, | ) ) | CASE NO. 2:20-cv-01785 |
| | ) | |
| *Plaintiff*, | ) | JUDGE EDMUND A. SARGUS |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| | ) | |
| NICHOLAS HYDE, *et al.* | ) | **ANSWER OF DEFENDANTS** |
| | ) | **NICHOLAS HYDE, NCH** |
| *Defendants.* | ) | **CORPORATION D/B/A** |
| | ) | **PARTSMASTER, BLAKE OLSON,** |
| | ) | **DAN GATZKE, GREGORY** |
| | ) | **PETERSEN, AND PATRICK** |
| | ) | **MCGOVERN TO PLAINTIFF'S FIRST** |
| | ) | **AMENDED COMPLAINT** |
| | ) | |

Defendants Nicholas C. Hyde ("Hyde"), NCH Corporation d/b/a Partsmaster ("NCH"), Blake Olson ("Olson"), Dan Gatzke ("Gatzke"), Gregory Petersen ("Petersen"), and Patrick McGovern ("McGovern") (collectively "Defendants"), by and through their undersigned counsel, and for their Answer to Plaintiff's First Amended Complaint ("Complaint"), state as follows:

**Nature of the Case**

1.     In response to the allegations contained in Paragraph 1 of the Complaint, Defendants state that they are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 1 of the Complaint. Defendant Hyde further avers that a previously filed action brought by him against Plaintiff is pending in the United States District Court for the Southern District of California entitled, "*Nick Hyde, an individual, Plaintiff  v. Midwest Motor Supply, Inc.,* a *foreign corporation doing business as "Kimball Midwest" with its principal place of business in the State of Ohio; and*

*DOES 1 through 10, inclusive, Defendants*, Case No. 3:20-CV-0478-BAS-KSC, by which Defendant Hyde seeks adjudication that Plaintiff's Restrictive Covenants that seek to prevent Hyde from exercising his rights as a California citizen to pursue his occupation and earn a livelihood violate fundamental California law and public policy and are void and unenforceable as a matter of law.

### Parties, Jurisdiction, and Venue

2.      In response to the allegations contained in Paragraph 2 of the Complaint, Defendants deny the allegations contained therein due to lack of knowledge or information sufficient to form a belief as to the truth thereof.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.      In response to the allegations contained in Paragraph 9 of the Complaint, Defendants state that the Hyde Employment Agreement speaks for itself. Defendants further state that this Court has jurisdiction over the claims alleged in Plaintiff's Complaint pursuant to the Court's diversity jurisdiction. Defendants deny any remaining allegations contained in Paragraph 9 of the Complaint.

10.     In response to the allegations contained in Paragraph 10 of the Complaint, Defendants state that this Court has jurisdiction over the claims alleged in Plaintiff's Complaint pursuant to the Court's diversity jurisdiction. Defendants deny any remaining allegations

contained in Paragraph 10 of the Complaint and aver that this Court is a *forum non conveniens* as to each and every allegation contained in the Complaint.

11.    In response to the allegations contained in Paragraph 11 of the Complaint, Defendants state that the Olson Employment Agreement speaks for itself. Defendants further state that this Court has jurisdiction over the claims alleged in Plaintiff's Complaint pursuant to the Court's diversity jurisdiction. Defendants deny any remaining allegations contained in Paragraph 11 of the Complaint and aver that this Court is a *forum non conveniens* as to each and every allegation contained in the Complaint.

12.    In response to the allegations contained in Paragraph 12 of the Complaint, Defendants state that the Gatzke Employment Agreement speaks for itself. Defendants further state that this Court has jurisdiction over the claims alleged in Plaintiff's Complaint pursuant to the Court's diversity jurisdiction. Defendants deny any remaining allegations contained in Paragraph 12 of the Complaint and aver that this Court is a *forum non conveniens* as to each and every allegation contained in the Complaint.

13.    In response to the allegations contained in Paragraph 13 of the Complaint, Defendants state that the Petersen Employment Agreement speaks for itself. Defendants further state that this Court has jurisdiction over the claims alleged in Plaintiff's Complaint pursuant to the Court's diversity jurisdiction. Defendants deny any remaining allegations contained in Paragraph 13 of the Complaint and aver that this Court is a *forum non conveniens* as to each and every allegation contained in the Complaint.

14.    In response to the allegations contained in Paragraph 14 of the Complaint, Defendants state that the McGovern Employment Agreement speaks for itself. Defendants further state that this Court has jurisdiction over the claims alleged in Plaintiff's Complaint

pursuant to the Court's diversity jurisdiction. Defendants deny any remaining allegations contained in Paragraph 14 of the Complaint and aver that this Court is a *forum non conveniens* as to each and every allegation contained in the Complaint.

15.     In response to the allegations contained in Paragraph 15 of the Complaint, Defendants state that this Court has jurisdiction over the claims alleged in Plaintiff's Complaint pursuant to the Court's diversity jurisdiction. Defendants deny any remaining allegations contained in Paragraph 15 of the Complaint and aver that this Court is a *forum non conveniens* as to each and every allegation contained in the Complaint.

16.     In response to the allegations contained in Paragraph 16 of the Complaint, Defendants state that the Employment Agreements speak for themselves. Further responding, Defendants state that venue is proper in the Southern District of Ohio, but that this Court is a *forum non conveniens* as to each and every allegation contained in the Complaint. Defendants deny any remaining allegations in Paragraph 16 of the Complaint.

### **Facts as to Hyde**

17.     In response to the allegations contained in Paragraph 17 of the Complaint, Defendants admit that Hyde is a prior employee of Plaintiff. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     In response to the allegations contained in Paragraph 19 of the Complaint, Defendants state that the Hyde Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 19 of the Complaint as the Hyde Employment Agreement is unenforceable as a matter of law.

4

20.     In response to the allegations contained in Paragraph 20 of the Complaint, Defendants state that the Hyde Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 20 of the Complaint as the Hyde Employment Agreement is unenforceable as a matter of law.

21.     In response to the allegations contained in Paragraph 21 of the Complaint, Defendants state that the Hyde Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 21 of the Complaint as the Hyde Employment Agreement is unenforceable as a matter of law.

22.     In response to the allegations contained in Paragraph 22 of the Complaint, Defendants state that the Hyde Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 22 of the Complaint as the Hyde Employment Agreement is unenforceable as a matter of law.

23.     In response to the allegations contained in Paragraph 23 of the Complaint, Defendants admit that Hyde is no longer employed with Plaintiff. Defendants deny all remaining allegations contained in Paragraph 23 of the Complaint.

24.     In response to the allegations contained in Paragraph 24 of the Complaint, Defendants admit that Hyde is now employed with NCH. Defendants deny all remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27.     In response to the allegations contained in Paragraph 27 of the Complaint, Hyde admits that he left a Partsmaster business card at a customer location. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     In response to the allegations contained in Paragraph 31 of the Complaint, Defendants admit that NCH has hired Kimball Midwest employees. Further responding, Defendants state that Kimball Midwest has hired NCH employees in the past. Defendants deny the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

**Facts as to Olson**

33.     In response to the allegations contained in Paragraph 33 of the Complaint, Defendants admit that Olson is a prior employee of Plaintiff. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     In response to the allegations contained in Paragraph 35 of the Complaint, Defendants state that the Olson Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 35 of the Complaint as the Olson Employment Agreement is unenforceable as a matter of law.

36.     In response to the allegations contained in Paragraph 36 of the Complaint, Defendants state that the Olson Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 36 of the Complaint as the Olson Employment Agreement is unenforceable as a matter of law.

37.     In response to the allegations contained in Paragraph 37 of the Complaint, Defendants state that the Olson Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 37 of the Complaint as the Olson Employment Agreement is unenforceable as a matter of law.

38.     In response to the allegations contained in Paragraph 38 of the Complaint, Defendants state that the Olson Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 38 of the Complaint as the Olson Employment Agreement is unenforceable as a matter of law.

39.     In response to the allegations contained in Paragraph 39 of the Complaint, Defendants admit that Olson is no longer employed with Plaintiff. Defendants deny all remaining allegations contained in Paragraph 39 of the Complaint.

40.     In response to the allegations contained in Paragraph 40 of the Complaint, Defendants admit that Olson is now employed with NCH. Defendants deny all remaining allegations contained in Paragraph 40 of the Complaint.

41.     Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43.     In response to the allegations contained in Paragraph 43 of the Complaint, Defendants admit that NCH has hired Kimball Midwest employees. Further responding, Defendants state that Kimball Midwest has hired NCH employees in the past. Defendants deny the remaining allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

**Facts as to Gatzke**

45.     In response to the allegations contained in Paragraph 45 of the Complaint, Defendants admit that Gatzke is a prior employee of Plaintiff. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     In response to the allegations contained in Paragraph 47 of the Complaint, Defendants state that the Gatzke Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 47 of the Complaint as the Gatzke Employment Agreement is unenforceable as a matter of law.

48.     In response to the allegations contained in Paragraph 48 of the Complaint, Defendants state that the Gatzke Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 48 of the Complaint as the Gatzke Employment Agreement is unenforceable as a matter of law.

49.     In response to the allegations contained in Paragraph 49 of the Complaint, Defendants state that the Gatzke Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 49 of the Complaint as the Gatzke Employment Agreement is unenforceable as a matter of law.

50.     In response to the allegations contained in Paragraph 50 of the Complaint, Defendants state that the Gatzke Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 50 of the Complaint as the Gatzke Employment Agreement is unenforceable as a matter of law.

51.     In response to the allegations contained in Paragraph 51 of the Complaint, Defendants admit that Gatzke is no longer employed with Plaintiff. Defendants deny all remaining allegations contained in Paragraph 51 of the Complaint.

52.     In response to the allegations contained in Paragraph 52 of the Complaint, Defendants admit that Gatzke is now employed with NCH. Defendants deny all remaining allegations contained in Paragraph 52 of the Complaint.

53.     Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants admit the allegations contained in Paragraph 54 of the Complaint.

55.     In response to the allegations contained in Paragraph 55 of the Complaint, Defendants admit that NCH has hired Kimball Midwest employees. Further responding, Defendants state that Kimball Midwest has hired NCH employees in the past. Defendants deny the remaining allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

**Facts as to Petersen**

58.     In response to the allegations contained in Paragraph 58 of the Complaint, Defendants admit that Petersen is a prior employee of Plaintiff. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     In response to the allegations contained in Paragraph 60 of the Complaint, Defendants state that the Petersen Employment Agreement speaks for itself. To the extent a

further response is required, Defendants deny the allegations contained in Paragraph 60 of the Complaint as the Petersen Employment Agreement is unenforceable as a matter of law.

61.     In response to the allegations contained in Paragraph 61 of the Complaint, Defendants state that the Petersen Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 61 of the Complaint as the Petersen Employment Agreement is unenforceable as a matter of law.

62.     In response to the allegations contained in Paragraph 62 of the Complaint, Defendants state that the Petersen Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 62 of the Complaint as the Petersen Employment Agreement is unenforceable as a matter of law.

63.     In response to the allegations contained in Paragraph 63 of the Complaint, Defendants state that the Petersen Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 63 of the Complaint as the Petersen Employment Agreement is unenforceable as a matter of law.

64.     In response to the allegations contained in Paragraph 64 of the Complaint, Defendants admit that Petersen is no longer employed with Plaintiff. Defendants deny all remaining allegations contained in Paragraph 64 of the Complaint.

65.     In response to the allegations contained in Paragraph 65 of the Complaint, Defendants admit that Petersen is now employed with NCH. Defendants deny all remaining allegations contained in Paragraph 65 of the Complaint.

66.     Defendants admit the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants admit the allegations contained in Paragraph 67 of the Complaint.

68.     In response to the allegations contained in Paragraph 68 of the Complaint, Defendants admit that NCH has hired Kimball Midwest employees. Further responding, Defendants state that Kimball Midwest has hired NCH employees in the past. Defendants deny the remaining allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

### Facts as to McGovern

72.     In response to the allegations contained in Paragraph 72 of the Complaint, Defendants admit that McGovern is a prior employee of Plaintiff. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     In response to the allegations contained in Paragraph 74 of the Complaint, Defendants state that the McGovern Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 74 of the Complaint as the McGovern Employment Agreement is unenforceable as a matter of law.

75.     In response to the allegations contained in Paragraph 75 of the Complaint, Defendants state that the McGovern Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 75 of the Complaint as the McGovern Employment Agreement is unenforceable as a matter of law.

76.     In response to the allegations contained in Paragraph 76 of the Complaint, Defendants state that the McGovern Employment Agreement speaks for itself. To the extent a

further response is required, Defendants deny the allegations contained in Paragraph 76 of the Complaint as the McGovern Employment Agreement is unenforceable as a matter of law.

77.     In response to the allegations contained in Paragraph 77 of the Complaint, Defendants state that the McGovern Employment Agreement speaks for itself. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 77 of the Complaint as the McGovern Employment Agreement is unenforceable as a matter of law.

78.     In response to the allegations contained in Paragraph 78 of the Complaint, Defendants admit that McGovern is no longer employed with Plaintiff. Defendants deny all remaining allegations contained in Paragraph 78 of the Complaint.

79.     In response to the allegations contained in Paragraph 79 of the Complaint, Defendants admit that McGovern is now employed with NCH. Defendants deny all remaining allegations contained in Paragraph 79 of the Complaint.

80.     Defendants admit the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants admit the allegations contained in Paragraph 81 of the Complaint.

82.     In response to the allegations contained in Paragraph 82 of the Complaint, Defendants admit that NCH has hired Kimball Midwest employees. Further responding, Defendants state that Kimball Midwest has hired NCH employees in the past. Defendants deny the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

## COUNT ONE: BREACH OF CONTRACT
### (Against Hyde)

86.     In response to the allegations contained in Paragraph 86 of the Complaint Defendants restate their responses to Paragraphs 1 through 85 above.

87.     Defendants deny the allegations contained in Paragraph 87.

88.     Defendants deny the allegations contained in Paragraph 88.

89.     Defendants deny the allegations contained in Paragraph 89.

## COUNT TWO: BREACH OF CONTRACT
### (Against Olson)

90.     In response to the allegations contained in Paragraph 90 of the Complaint Defendants restate their responses to Paragraphs 1 through 89 above.

91.     Defendants deny the allegations contained in Paragraph 91.

92.     Defendants deny the allegations contained in Paragraph 92.

## COUNT THREE: BREACH OF CONTRACT
### (Against Gatzke)

93.     In response to the allegations contained in Paragraph 93 of the Complaint Defendants restate their responses to Paragraphs 1 through 92 above.

94.     Defendants deny the allegations contained in Paragraph 94.

95.     Defendants deny the allegations contained in Paragraph 95.

## COUNT FOUR: BREACH OF CONTRACT
### (Against Petersen)

96.     In response to the allegations contained in Paragraph 96 of the Complaint Defendants restate their responses to Paragraphs 1 through 95 above.

97.     Defendants deny the allegations contained in Paragraph 97.

98.     Defendants deny the allegations contained in Paragraph 98.

## COUNT FIVE: BREACH OF CONTRACT
### (Against McGovern)

99.     In response to the allegations contained in Paragraph 99 of the Complaint

Defendants restate their responses to Paragraphs 1 through 98 above.

100.    Defendants deny the allegations contained in Paragraph 100.

101.    Defendants deny the allegations contained in Paragraph 101.

## COUNT SIX: TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS
## RELATIONSHIPS AND PROSPECTIVE ECONOMIC ADVANTAGE
### (Against Hyde, NCH, Petersen, and McGovern)

102.    In response to the allegations contained in Paragraph 102 of the Complaint

Defendants restate their responses to Paragraphs 1 through 101 above.

103.    Defendants deny the allegations contained in Paragraph 103.

104.    Defendants deny the allegations contained in Paragraph 104.

105.    Defendants deny the allegations contained in Paragraph 105.

106.    Defendants deny the allegations contained in Paragraph 106.

107.    Defendants deny the allegations contained in Paragraph 107.

## COUNT SEVEN: TORTIOUS INTERFERENCE
## WITH EMPLOYMENT RELATIONSHIPS
### (Against Hyde and Olson)

108.    In response to the allegations contained in Paragraph 108 of the Complaint

Defendants restate their responses to Paragraphs 1 through 107 above.

109.    Defendants deny the allegations contained in Paragraph 109.

110.    Defendants deny the allegations contained in Paragraph 110.

111.    Defendants deny the allegations contained in Paragraph 111.

112.    Defendants deny the allegations contained in Paragraph 112.

113.    Defendants deny the allegations contained in Paragraph 113.

## COUNT EIGHT: CONVERSION
### (Against Hyde, NCH, Gatzke, Petersen, and McGovern)

114.    In response to the allegations contained in Paragraph 114 of the Complaint Defendants restate their responses to Paragraphs 1 through 113 above.

115.    Defendants deny the allegations contained in Paragraph 115.

116.    Defendants deny the allegations contained in Paragraph 116.

## COUNT NINE: MISAPPROPRIATION OF TRADE SECRETS
### (Against Hyde, NCH, Gatzke, Petersen, and McGovern)

117.    In response to the allegations contained in Paragraph 117 of the Complaint Defendants restate their responses to Paragraphs 1 through 116 above.

118.    Defendants deny the allegations contained in Paragraph 118.

119.    Defendants deny the allegations contained in Paragraph 119.

120.    Defendants deny the allegations contained in Paragraph 120.

121.    Defendants deny the allegations contained in Paragraph 121.

122.    Defendants deny the allegations contained in Paragraph 122.

123.    Defendants deny the allegations contained in Paragraph 123.

124.    Defendants deny the allegations contained in Paragraph 124.

## COUNT TEN: TORTIOUS AND INTENTIONAL
## INTERFERENCE WITH CONTRACT
### (Against NCH)

125.    In response to the allegations contained in Paragraph 125 of the Complaint Defendants restate their responses to Paragraphs 1 through 124 above.

126.    Defendants deny the allegations contained in Paragraph 126.

127.    Defendants deny the allegations contained in Paragraph 127.

15

**COUNT ELEVEN: UNFAIR COMPETITION – CORPORATE RAIDING**
**(Against NCH)**

128.    In response to the allegations contained in Paragraph 128 of the Complaint Defendants restate their responses to Paragraphs 1 through 127 above.

129.    Defendants deny the allegations contained in Paragraph 129.

130.    Defendants deny the allegations contained in Paragraph 130.

131.    Defendants deny the allegations contained in Paragraph 131.

132.    Defendants deny the allegations contained in Paragraph 132.

133.    Defendants deny the allegations contained in Paragraph 133.

**COUNT TWELVE: DECLARATORY JUDGMENT REGARDING**
**ENFORCEABILITY OF THE EMPLOYMENT AGREEMENT**
**(Against Hyde, Olson, Gatzke, Petersen, and McGovern)**

134.    In response to the allegations contained in Paragraph 134 of the Complaint Defendants restate their responses to Paragraphs 1 through 133 above.

135.    Defendants deny the allegations contained in Paragraph 135.

136.    Defendants state that the Employments Agreements speak for themselves. Further, Defendants state that the allegations contained in Paragraph 136 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 136.

137.    The allegations contained in Paragraph 137 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph 137.

138.    Defendants state that the Employment Agreements speak for themselves. Further responding, Defendants deny the allegations contained in Paragraph 138.

139.    Defendants state that the Employment Agreements speak for themselves. Further responding, Defendants deny the allegations contained in Paragraph 139.

140.    Defendants deny the allegations contained in Paragraph 140.

## Prayer for Relief

1.    Defendants deny all claims for monetary and injunctive relief as stated in Paragraphs 1-23 of the Complaint's Prayer for Relief.

2.    Defendants deny that Plaintiff is entitled to any monetary or injunctive relief of any type or amount.

3.    Defendants deny each and every allegation contained in the Complaint not specifically admitted herein above.

## ADDITIONAL DEFENSES

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

3.    Plaintiff's claims are barred because they are without merit as a matter of both fact and law.

4.    Plaintiff's Complaint and each purported claim for relief alleged therein are barred in whole or in part by operation of the doctrines of estoppel, laches, release, waiver, and/or unclean hands.

5.      Plaintiff has failed to minimize or mitigate its damages and injuries claimed to have been suffered as a result of the events at issue.  Accordingly, any recovery by Plaintiff against Defendants is either barred or to be reduced by an amount determined by the trier of fact.

6.      Defendants are entitled to set-offs with respect to Plaintiff's claimed damages.

7.      Plaintiff's Complaint and each purported claim for relief alleged therein are barred in whole or in part on the grounds that Defendants had an honest, reasonable, and good faith belief in the facts upon which they based their conduct with respect to the matters set forth in the Complaint.

8.      This Court is considered a *forum non conveniens* for all Defendants with respect to each and every claim for relief alleged in the Complaint.

9.      Plaintiff's Complaint and each purported claim for relief alleged therein are barred in whole or in part on the grounds that Plaintiff has failed to properly identify its trade secrets.

10.      Plaintiff's Complaint and each purported claim for relief alleged therein are barred in whole or in part on the grounds that Plaintiff has failed to properly protect what it asserts are its trade secrets such that they are no longer entitled to protection as trade secrets.

11.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, as to each and every type and kind of contractual relationship alleged in the Complaint, whether oral, written, implied or otherwise, Plaintiff failed to fulfill the conditions precedent to the enforcement of said contracts.

12.      Plaintiff's Complaint and each purported claim for relief alleged therein are barred in whole or in part on the grounds that Defendants' conduct was privileged.

13. The injuries and damages alleged in the Complaint were caused, in whole or part, by the negligent or intentional acts of persons or entities other than these Defendants and that such conduct reduces the percentage of harm attributed to Defendants.

14. Plaintiff has not sufficiently stated facts to support Plaintiff's claim for punitive damages.

15. Plaintiff has engaged in conduct that bars the Complaint, and each purported claim against Defendants, in whole or in part, by the doctrine of unclean hands. Specifically, Defendants allege that Plaintiff has no protectable interest in the alleged "Confidential Information" alleged in the Complaint, and that Plaintiff's actions in seeking to prevent competition by Defendants interferes with Defendants' contractual rights and prospective economic advantage.

16. Defendants Partsmaster and Hyde allege, upon information and belief, that Plaintiff has engaged in conduct that bars the Complaint, and each purported claim against Defendants, in whole or in part, by the doctrine of unclean hands. Specifically, Defendants allege that Plaintiff has no protectable interest in the alleged "Confidential Information" alleged in the Complaint, and that Plaintiffs' actions in seeking to prevent competition by Defendants Partsmaster and Hyde violates fundamental California public policy as set forth in Cal. Bus. & Prof. Code section 16600 and applicable case law.

17. Plaintiff's claims and each alleged cause of action against Defendant Hyde are barred because they constitute unlawful attempts to restrict Defendant Hyde from engaging in his profession, trade or occupation in violation of California Business and Professions Code §16600.

18. Plaintiff's claims and each alleged cause of action against Defendant Hyde are barred because they constitute unlawful attempts to restrict Defendants from engaging in his

profession, trade or occupation in violation of fundamental public policy, including California Business and Professions Code § 16600, and are therefore void and unenforceable.

19.     Plaintiff's claims against Defendants Hyde are barred, in whole or in part, because any purported contract and restrictive covenants contained therein are unlawful and therefore void.

20.     Defendants Hyde, Olsen, Gatzke, Petersen, and McGovern allege, upon information and belief, that Plaintiff, by its own conduct and actions, has waived the right, if any, to pursue the Complaint, and each purported claim against Defendants, in whole or in part, by virtue of the doctrine of waiver. Specifically, Defendants Hyde, Olsen, Gatzke, Petersen, and McGovern are informed and believe and based thereon allege that Plaintiff actively encouraged its sales representatives to take with them to Plaintiff and to disclose to Plaintiff those business contacts, customers and leads they had developed over the course of their respective careers, never advising said Defendants that by disclosing such information to Plaintiff, Plaintiff would assert that the disclosed information and contacts became Plaintiff's "Confidential Information."

21.     Defendants reserve the right to raise any and all defenses that may become evident during discovery and during any other proceeding in this action.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint, Defendants Nicholas C. Hyde, NCH Corporation d/b/a Partsmaster, Blake Olson, Dan Gatzke, Gregory Petersen, and  Patrick McGovern respectfully request this Court to dismiss Plaintiff's Complaint in its entirety, with prejudice, and to grant Defendants their reasonable costs and attorneys' fees incurred in defending this matter, and for any such other relief as this Court deems just and appropriate.

Respectfully submitted,

**JACKSON LEWIS P.C.**

/s/ *Vincent J. Tersigni*
Vincent J. Tersigni (0040222)
Sabrina L. Brown (0096700)
6100 Oak Tree Blvd, Suite 400
Cleveland, OH 44131
(216) 750-0404 / Fax (216) 750-0826
Vincent.Tersigni@jacksonlewis.com
Sabrina.Brown@jacksonlewis.com

/s/ *Joel A. Kelly*
Joel A. Kelly (Pro Hac Vice Motion
Forthcoming)
725 South Figueroa Street
Suite 2500
Los Angeles, CA  90017
(213) 689-0404 / Fax (213) 689-0430
KellyJ@jacksonlewis.com

*Attorneys for Defendants*

4832-2921-3884, v. 2