IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MIDWEST MOTOR SUPPLY,**

       **Plaintiff,**

   v.                                      Civil Action 2:20-cv-1785
                                                Judge Edmund A. Sargus, Jr.
                                                Magistrate Judge Jolson

**NICHOLAS HYDE, et al.,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Undersigned on Plaintiff Midwest Motor Supply's ("Midwest") Motion to Remand. (Doc. 12). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED in part** and **DENIED in part**. Specifically, it is **RECOMMENDED** that this case be **REMANDED** to Franklin County Court of Common Pleas. Plaintiff's request for costs and fees associated with this Motion, (*see id*. at 3), however, is **DENIED**.

**I.    BACKGROUND**

This case arises from a series of employment relationships gone wrong. Plaintiff Midwest is a marketing and distributing maintenance, repair, and operations ("MRO") business incorporated in Ohio. (Doc. 1-1 at ¶ 2). It employs sales representatives throughout the country. (*Id*.). Defendants Nicholas Hyde, Blake Olson, Dan Gatzke, Patrick McGovern, and Gregory Petersen were sales representatives for Plaintiff. (*See generally* Doc. 1-1). As part of their employment agreements, Defendants agreed not to disclose confidential and trade secret information about Plaintiff to its competitors and agreed to return all confidential and trade secret

information to Plaintiff at the end of their employment. (*Id.*, ¶¶ 18–22). They also signed a two-year non-compete agreement. (*See id.*).

Plaintiff alleges that Defendants violated the terms of their employment agreements, namely by leaving to work for the same direct competitor, Defendant NCH Corporation. (*See generally* Doc. 1-1). Plaintiff brought suit against Defendants on February 26, 2020, in the Franklin County Court of Common Pleas. (*See* Docs. 1, 3). For relief, Plaintiff seeks injunctive and monetary relief against all Defendants in an "aggregate amount" that is "greater than $25,000 but is less than $75,000 for any loss occasioned by Defendants' intentional interference with Plaintiff's business relationship with its customers, interference with its employment relationships, breaches of contracts, misappropriation of trade secrets, conversion, and unfair competition—corporate raiding." (Doc. 3 ¶ 20).

Defendants removed this case to this Court on April 8, 2020. (*See* Doc. 1). In their Notice of Removal, Defendants assert that removal is proper "because there is complete diversity of citizenship between the parties and, based on the face of the Complaint it is more likely than not that the amount in controversy . . . exceeds $75,000 for each Defendant[.]" (*Id.*, ¶ 5). Plaintiff moved to remand two months later, asserting that this Court lacks subject matter jurisdiction because the amount in controversy is not met. (*See generally* Doc. 12). For support, Plaintiff attaches a Stipulation of Clarification (the "Stipulation"), certifying and affirming that Plaintiff seeks damages in an amount less than $75,000 and that it "will not seek and will not accept an award of damages" exceeding that amount. (Doc. 12-1). Also, in its Motion, Plaintiff requests an award of costs and expenses, including attorneys' fees, associated with filing the Motion to Remand. (Doc. 12 at 4). Defendants did not respond to Plaintiff's Motion to Remand, so this matter is now ripe for resolution.

II. STANDARD

"The district courts of the United States . . . are courts of limited jurisdiction. They possess

2

only that power authorized by Constitution and by statute." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quotation marks and citations omitted).  A defendant may remove a civil action filed in a state court to a United States district court having original jurisdiction over the action.  28 U.S.C. § 1332(a).  The removing party bears the burden of establishing federal subject matter jurisdiction.  *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).  And jurisdiction is determined as of the time of removal.  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

"Where the plaintiff seeks to recover an unspecified amount that is not clearly greater or less than $75,000," as is the case here, "the removing defendant must show by the preponderance of the evidence that the jurisdictional amount has been met."  *Driscoll v. Wal-Mart Stores E., Inc.*, No. CIV.A. 2:09-CV-00154, 2009 WL 2169134, at *2 (S.D. Ohio July 16, 2009), *report and recommendation adopted*, No. 2:09-CV-00154, 2009 WL 4730709 (S.D. Ohio Dec. 10, 2009).  "Doubts regarding federal jurisdiction should be resolved in favor of remand."  *Id.* (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006)).

**III.    DISCUSSION**

Unlike the Federal Rules of Civil Procedure, Ohio's rules prohibit a party from specifying the amount in controversy in the complaint.  *See* Ohio Civ. R. 8(A) ("If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleadings but shall not specify in the demand for judgment the amount of recovery sought . . .").  In other words, the rule "both precludes a plaintiff from stating a definite amount in controversy and requires that amount to remain at least somewhat indeterminate."  *Nat'l Pension Corp., LLC v. Horter Inv. Mgmt., LLC*, No. 1:20-CV-0086, 2020 WL 812887, at *2 (S.D. Ohio Feb. 19, 2020), *report and recommendation adopted as modified*, No. 1:20-CV-86, 2020 WL 1502042 (S.D. Ohio Mar. 30, 2020).

So plaintiffs seeking remand in this context often rely on post-removal stipulations like the one Plaintiff filed in this case.  *See id.* (collecting cases).  And "courts in this Circuit have held that

3

remand to state court is required when such a stipulation provides for the first time the upper limit on the damage amount claimed by the plaintiff, and does not modify the amount in controversy or change . . . the information upon which the defendant relied in removing the action." *AKC, Inc. v. ServiceMaster Residential/Commercial Servs. Ltd. P'ship*, No. 5:13CV388, 2013 WL 1891362, at *4 (N.D. Ohio May 6, 2013) (collecting cases). Importantly, "[o]nly unequivocal statements and stipulations limiting damages will serve this purpose." *Total Quality Logistics, LLC v. Reed Transp. Servs., Inc.*, No. 1:19-CV-182, 2019 WL 6723837, at *3 (S.D. Ohio Dec. 11, 2019) (quotation marks, citation, and alterations omitted).

When filing its Complaint in state court, Plaintiff did not, and indeed, could not, articulate a precise damages request. Rather, Plaintiff sought damages in the excess of $25,000. (Doc. 3 ¶ 20); *see, e.g.*, *AKC, Inc.*, 2013 WL 1891362, at *5 (approving post-removal stipulation where "Plaintiff did not set forth a clear amount of damages in its complaint," but "[r]ather, [] asserted that it suffered damages in an amount in excess of $25,000"). In the Stipulation, Plaintiff's Director of Human Resources, Chris Luthy, who has "been involved in the management of this litigation" and "ha[s] the authority to bind [Plaintiff] to the stipulations contained herein," "unequivocally certifies," for the first time, "that [Plaintiff] is not, and will not, make a claim for, or otherwise pursue, damages in an amount equal to or exceeding the sum of $75,000, in total, as to all defendants and claims in this case, inclusive of punitive damages, attorney fees, value of injunctive relief, and any other type of damages, but excluding interest and costs." (Doc. 12-1, ¶¶ 1, 3). Plaintiff further stipulates that it "will not seek and will not accept an award of damages in an amount equal to or exceeding $75,000 in total as to all defendants and claims in this case." (*Id.*, ¶ 3). And, the Stipulation is "binding on [Plaintiff]" and "[i]t is [Plaintiff's] intention that this Stipulation be used by any Court having jurisdiction over this case to limit the amount of any award and/or recovery in [Plaintiff's] favor to a total amount including all defendants all claims to less than $75,000." (*Id.*, ¶ 4).

4

Plaintiff's Stipulation supports remand here. *See, e.g.*, *Reed Transp. Servs., Inc.*, 2019 WL 6723837, at *3 (remanding where post-removal stipulation similarly "unequivocally limit[ed] total recovery to less than the jurisdictional amount" and where plaintiff "expressly state[d] that the stipulation [was] intended to be binding on [p]laintiff and that it was [p]laintiff's intention that this Stipulation be used by the Court to limit the amount of any award to it"); *Total Quality Logistics, LLC v. Johnson*, No. 1:19-CV-850, 2019 WL 5540682, at *3 (S.D. Ohio Oct. 28, 2019) (finding nearly identical stipulation to be unequivocal and remanding to state court).

Importantly, Defendants have not responded with any proof of their own. Rather, the Court has only their "speculative argument" in their removal papers that, "based on the face of the Complaint it is more likely than not that the amount in controversy . . . exceeds $75,000 for each Defendant," (Doc. 1, ¶ 5). *See Nat'l Pension Corp.*, 2020 WL 812887, at *3 ("On the record presented, Plaintiff has submitted uncontroverted proof in the form of counsel's affidavit. Defendant, by contrast, has submitted no proof but only speculative argument as to the meaning of ambiguous claims for damages."); *Heartland of Portsmouth, OH, LLC v. McHugh Fuller Law Grp., PLLC*, No. 1:15-CV-007, 2015 WL 728311, at *3 (S.D. Ohio Feb. 19, 2015) (remanding where defendant failed to prove amount in controversy exceeded threshold); *Mid W. Auto Sales, Inc. v. W. Heritage Ins. Co.*, No. 1:08-CV-793, 2009 WL 1373035, at *3 (S.D. Ohio May 15, 2009) (same).

In sum, Plaintiff has shown that remand is appropriate here. But it has not demonstrated that it is entitled to costs and attorneys' fees under 28 U.S.C. § 1447(c). That provision requires a plaintiff to show that a defendant's decision to remove the case to federal court "was not objectively reasonable or, in the words of" the Sixth Circuit, "was not fairly supportable." *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1061 (6th Cir. 2008) (citation and quotations omitted). In its Motion, Plaintiff does not address this standard or provide any argument to support its request for attorney's fees and costs. (*See generally* Doc. 12). The Undersigned

declines to develop this argument for it.  Moreover, the record does not suggest that Defendants' decision to remove was objectively unreasonable.  Plaintiff may have attempted to limit its request for damages in its Complaint to "an aggregate amount for all claims" that was "greater than $25,000 but … less than $75,000," (Doc. 3 at 39), but it is not clear to the Undersigned that such a limitation was effective or permissible under Ohio law, *see* Ohio R. Civ. 8(A) (emphasis added) ("If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading *but shall not specify in the demand for judgment the amount of recovery sought*").  So Defendants could have reasonably believed that that the amount in controversy might exceed $75,000 in light of Plaintiff's request for compensatory, punitive or exemplary damages, injunctive reliefs, and attorney's fees and costs, (Doc. 3 at 39–40).  Plaintiff has not demonstrated that it is entitled to attorney's fees and costs as a result.  *See Warthman*, 549 F.3d at 1061.

## IV.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that this case be **REMANDED** to the Franklin County Court of Common Pleas.  Plaintiff's request for costs and fees associated with its Motion is **DENIED**.

## V.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.

Date:  July 24, 2020                                /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE